UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X

JOHL SMILOWSKI,

                              Plaintiff,   **COMPLAINT**

        -against-

THE CITY OF NEW YORK; SUPERVISOR P.O. JOHN DOE # 1; P.O. RYAN MCCARTHY, Shield #02749; P.O. JANE DOE #1; P.O. JOHN DOES 1-3; the individual defendants sued individually and in their official capacities,

   ECF Case

   10-CV-6440 (JGK) (RLE)

   Jury Trial Demanded

                              Defendants.

---------------------------------------- X

**PRELIMINARY STATEMENT**

       1.   This is a civil rights action in which plaintiff seek relief for the violation of plaintiff's rights secured by 42 U.S.C. §§ 1983, 1985(3), and 1988; and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  The claims arise from an incident(s), which occurred on or about November 20, 2009.  During the incident(s) the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, excessive force, unlawful search and seizure, retaliation for free speech, conspiracy, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and

continuation of an unlawful municipal policy, practice, and custom. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988; and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Johl Smilowski is a resident of the State of New Jersey, Hudson County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendants P.O. Supervisor John Doe # 1 is New York City Police Supervisor assigned to the Port Authority

Police Department, located in New York, New York, who violated plaintiff's rights as described herein.

8. Defendant P.O. Ryan McCarthy is New York City Police Officer, given Shield# 02749, and assigned to the Port Authority Police Department, located in New York, New York, who violated plaintiff's rights as described herein.

9. Defendants P.O. Jane Doe #1 is a New York City Police Officer, assigned to the Port Authority Police Department, located in New York, New York, who violated plaintiff's rights as described herein

10. Defendants P.O. John Doe #1-3 are New York City Police Officers, assigned to the Port Authority Police Department, located in New York, New York, who violated plaintiff's rights as described herein.

11. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. The following is a summary set forth for the purpose of demonstrating and providing notice of plaintiffs' claims against the defendants. Plaintiffs have not set forth each and every fact concerning the incident(s) described below.

13. On November 20, 2009, at and in the vicinity of 1 World Trade Center, New York, New York, and elsewhere inside of the PATH Station, several police officers operating from the

3

Port Authority Police Department, including upon information and belief, Supervisor P.O. John Does # 1, P.O. Ryan McCarthy, P.O. Officer Jane Doe #1, and P.O. John Does # 1-3, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

14.   On November 20, 2009, at and in the vicinity of 1 World Trade Center, and elsewhere inside of the PATH Station, New York, New York, several police officers operating from the Port Authority Police Department, including upon information and belief, Supervisor P.O. John Doe # 1, P.O. McCarthy, P.O. Jane Doe #1, and P.O. John Does # 1-3, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, unlawfully stopped and arrested plaintiff inside the PATH station after plaintiff had legally paid his fare.

15.   As Plaintiff walked to the turn-style, Plaintiff had commented within earshot of the officers of the persistent racial profiling of young black and brown males entering the PATH station who were searched and questioned by members of the NYPD, while allowing all persons who were white to enter the PATH station without being searched and or questioned by members of the NYPD.

16. Plaintiff paid his fare and entered through the turn-style and entered a waiting train and sat down. As Plaintiff sat and waited for the train to depart, Plaintiff was approached by three defendants, two members of the National Guard, all carrying unholstered M-16 weapons, and one holding a dog. Plaintiff was suddenly grabbed by his shoulders by defendant McCarthy and dragged out of his seat and off the crowded train. While defendant McCarthy grabbed one arm, another defendant grabbed another of Plaintiff's arm while the other defendants followed with the dog as Plaintiff was forced back up the stairs and shoved aggressively against the wall.

17. This seizure of Plaintiff by the defendants was without justification or cause.

18. Once defendants seized plaintiff, he was not free to disregard the defendants' questions, walk away or leave the scene.

19. At all times mentioned in the complaint, including prior to, during, and after the incidents detailed herein, plaintiff did not commit a violation of law, regulation, or administrative code, either in or outside the individual defendant officers' presence.

20. At all times mentioned in the complaint, including prior to, during, and after the incidents detailed

herein, plaintiffs did not commit any criminal act, either in or outside the individual defendant officers' presence.

21. At all times mentioned in the complaint, including prior to, during, and after the incidents detailed herein, plaintiffs did not act in manner that would give the individual defendant officers cause to stop, question, or arrest plaintiff.

22. At all times mentioned in the complaint, including prior to, during, and after incidents detailed herein, the individual defendants did not observe plaintiffs engaged in suspicious, unlawful, or criminal conduct.

23. At all times mentioned in the complaint, including prior to, during, and after the incidents detailed herein, the individual defendants did not observe plaintiff commit: any violation of law, regulation, or administrative code; commit any criminal act; or act in manner that justified stopping, questioning, or arresting plaintiff.

24. At all times mentioned in the complaint, including prior to, during, and after the incidents detailed herein, the individual defendants were not provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

25. During the arrest of Plaintiff, the dog was allowed to nip at Plaintiff's ankle. Defendants P.O. McCarthy and Supervisor John Doe #1, P.O. Jane Doe #1 and P.O. John Does # 1-3 committed excessive force against plaintiff by maliciously, gratuitously, and unnecessarily grabbing plaintiff, shoving plaintiff into a wall, twisting plaintiff's arms, and placing excessively tight handcuffs on plaintiff's wrists.

26. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

27. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was compliant to any commands, did not resist arrest, and the officers used force against plaintiff without informing him that he was being arrested.

28. Plaintiff were physically injured as a result of the excessive use of force. Plaintiff's injuries consisted of swelling, contusions, soreness, pain and suffering, and bruises upon his wrists and body that lasted several days.

29. Defendant Supervisor P.O. John Doe # 1 supervised defendants P.O. McCarthy, P.O. Jane Doe #1, and P.O. John Does # 1-3 concerning their actions against plaintiff detailed herein.

30. After plaintiff was handcuffed, he complained about his unlawful arrest and the tightness of the handcuffs and in response, defendant McCarthy tightened the handcuffs and responded in a verbally abusive manner, cursing and using extremely offensive language and ignored Plaintiff's request to loosen the handcuffs.

31. Defendants Supervisor P.O. John Doe # 1, P.O. McCarthy, P.O. Jane Doe #1 and P.O. John Does # 1-3 ignored plaintiff's complaints.

32. Thereafter, Plaintiff was transported to the Port Authority Station at West 41st Street and 8th Avenue in New York County.

33. Plaintiff was subjected to a strip search where he was exposed to anyone in the lobby area and was made to dress without his underwear while defendant McCarthy danced in a "burlesque" manner in front of Plaintiff's cell.

34. Plaintiff was subsequently transported to Central Booking, where he remained incarcerated until the next day until he was arraigned in criminal court.

35. Plaintiff's Central booking jail cells were infested with, among other things, rodents and roaches. Moreover, there was human and non-human waste on the floor and one single toilet that did not work that numerous arrestees in a cell were forced to share without privacy. The toile was

8

clogged and overflowed onto the floor.  Toilet paper and bedding were nonexistent.  There was no access to clean drinking water.  Temperatures were in the extremes.  The walls of the cell were dilapidated.  The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

36.   While plaintiff was incarcerated, defendants Supervisor P.O. John Doe # 1, P.O. McCarthy, P.O. Jane Doe #1, and P.O. John Doe #1-3, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed a crime; and based on these false allegations the New York County District Attorney's Office initiated a prosecutions against plaintiff.  The prosecutions ended on February 3, 2010, in an adjournment in contemplation of dismissal that was entered six months later.

37.   The aforesaid events are not isolated incidents.  Defendant City of New York have been aware from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to stop and frisk, use force, investigate an incident, and how to treat innocent and/or uninvolved individuals who are found at an incident location.

38.   Defendant City of New York is further aware that such improper training has often resulted in a deprivation of

civil rights.  Despite such notice, City of New has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

39.  Moreover, defendant City of New was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers.  Despite such notice, City of New York has retained these officers, and failed to adequately train and supervise them.

40.  The individual defendants acted in concert in committing the above-described illegal acts toward plaintiff.

41.  As a result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

**FEDERAL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

42.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43.  The conduct of defendant officers, as described herein, amounted to false arrest, excessive force, unlawful search and seizure, retaliation for free speech, conspiracy, unconstitutional conditions of confinement, negligent hiring and

retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

44. The conduct of the defendant officers, as described herein, violated plaintiffs' rights under 42 U.S.C. §§ 1983, 1985(3) and 1988; and the First, Fourth, Fifth, Sixth, by committing false arrest, excessive force, unlawful search and seizure, retaliation for free speech, conspiracy, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

45. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983, 1985(3), and 1988; and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

47. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK**

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49. The City of New York directly caused the constitutional violations suffered by plaintiff.

50. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers involved in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

51. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise,

discipline, monitor, and improperly utilized and retained these officers.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, and violate individuals without consequence.  Indeed, when individuals file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

52.  The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983, 1985(3), and 1988; and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

53.  Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees.

54.  As a direct and proximate result of the City of New York's misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees; and

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
            August 30, 2010

                                NATALI J.H. TODD, ESQ.
                                *Attorney for Plaintiff*
                                189 Montague Street, Suite 508
                                Brooklyn, New York 11201
                                (718) 797-3055
                                natali_todd@yahoo.com
                                By:

                                _/S/_____
                                NATALI J.H. TODD, ESQ.